UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRACY BENSTOCK,

     Plaintiff,

v.                          CASE NO.: 8:11-cv-2493-T-23TGW
ARROWOOD INDEMNITY
COMPANY,

     Defendant.

_____/

## **ORDER**

Asserting diversity of citizenship under 28 U.S.C. § 1332, the defendant

removes (Doc. 1) this action from the circuit court for Pinellas County, Florida. The

complaint alleges "statutory bad faith" arising from a disputed insurance claim and

seeks damages "in excess of" $15,000. Asserting untimely removal under 28 U.S.C.

§ 1446(b), the plaintiff moves (Doc. 7) to remand. The defendant responds (Doc. 9)

in opposition.

### Discussion

In the motion to remand, the plaintiffs aver that on May 14, 2009, the

defendant received a pre-suit demand letter seeking $238,282.13 in damages. The

plaintiff filed this action in state court on May 16, 2011, more than two years after

the pre-suit demand letter. The defendant received service on May 26, 2011. On

October 3, 2011, the defendant received a second demand letter, seeking $425,620.23

in damages.

Section 1446(b)'s first paragraph grants a defendant thirty days after receipt of the initial pleading to file a notice of removal. However, Section 1446(b)'s second paragraph allows an exception:

> *If the case stated by the initial pleading is not removable*, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one in which is or has become removable.

(Emphasis added)[1] The plaintiffs argue that the defendant's May 26, 2011, receipt of the initial pleading "triggered" the thirty days and prevents removal. The defendants respond that a pre-suit demand letter is not an "other paper" and cannot trigger the thirty days.

An abundance of case law supports the defendant's contention that a pre-suit demand letter is not an "other paper" for the purpose of paragraph two. *See, e.g.*, *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. 1992); *Calhoun v. Con-Way Freight, Inc.*, No. 10-14210-CIV, 2010 WL 4062590, at *2 (S.D. Fla. Oct. 15, 2010); *Armstrong v. Sears Roebuck & Co.*, No. 8:09-cv-2297, 2009 WL 4015563, at *1(M.D. Fla. Nov. 19, 2009).  However, "[i]f the case stated by the initial pleading" allows removal, paragraph two escapes application, mooting the relevance of an "other

---

[1] On December 7, 2011, the President signed the "Federal Courts Jurisdiction and Venue Clarification Act of 2011" (H.R. 394) as Pub. L. No. 112-63. The Act "clarifies" certain venue, transfer, and jurisdiction provisions, including 28 U.S.C. § 1446(b). The Act separates Section 1446(b)'s removal provisions governing civil and criminal cases into two separate statutes and creates a subsection devoted entirely to removal based on diversity of citizenship. Pub. L. No. 112-63, § 103. The Act's provisions, effective in actions commenced on or after January 7, 2012, do not apply to this case. Pub. L. No. 112-63, § 105. Nonetheless, the result under the Act conforms with the result in this action.

paper." Because the pre-suit demand letter notified the defendant of the amount in controversy, the question becomes whether the receipt of a pleading, facially insufficient to permit removal, nonetheless triggers the thirty days for removal if a defendant knows from an earlier source the amount in controversy.

Although the Eleventh Circuit remains silent on the question, other circuits examine only the applicable pleading, motion, order, or other paper; ignore the defendant's subjective knowledge; and spare the defendant (and the court) the burden of further inquiry. *In re Jet Network, LLC*, 457 B.R. 895, 901 (Bkrtcy. S.D. Fla. 2011) (citing *Foster v. Mutual Fire, Marine, & Island Ins. Co.*, 986 F.2d 48, 53-54 (3d Cir. 1993); *Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997); *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992); *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689 (9th Cir. 2005)). Examining only the applicable pleading, motion, order, or other paper promotes judicial efficiency and avoids an inquiry into a defendant's subjective knowledge:

> [W]e will not require courts to inquire into the subjective knowledge of the defendant, an inquiry that could degenerate into a mini-trial regarding who knew what and when. Rather, we will allow the court to rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendants had notice of the grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleading or subsequent paper.

*Chapman*, 969 F.2d at 163; *Lovern*, 121 F.3d at 162.

Only generally alleging damages exceeding $15,000, the complaint is not removable on its face. Consequently, the thirty days for removal commences upon

receipt of an "other paper," i.e., the October 3, 2011, demand letter. The defendant timely removed thirty days later on November 2, 2011.[2]

Conclusion

The plaintiff's motion to remand (Doc. 7) is **DENIED**. Additionally, the plaintiff's motion to amend the complaint (Doc. 5) is **GRANTED**. The plaintiff shall file the amended complaint on or before **DECEMBER 23, 2011**. The plaintiff's motion to strike affirmative defenses (Doc. 4) is **DENIED AS MOOT**.

ORDERED in Tampa, Florida, on December 16, 2011.

*Steven D. Merryday*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[2] The plaintiff attaches neither the pre-suit demand letter itself, nor an affidavit, nor any other document establishing the existence of the letter. Thus, even if a pre-suit demand letter triggers the thirty days for removal at the time of service of the initial complaint, the plaintiff's motion fails because the record evidences only the second demand letter.